OPINION
{¶ 1} Appellant, Thomas A. Teagardin, appeals from the December 3, 2001 judgment entry of the Lake County Court of Common Pleas granting the motion for summary judgment of appellee, Metal Foils, LLC.
 {¶ 2} Appellant and appellee executed an employment agreement ("the employment agreement") on July 13, 1999. Under the terms of the employment agreement, appellant was to serve as the director of sales and marketing for appellee for five years, with the employment agreement to automatically renew for one-year periods upon the expiration of the initial term. However, appellant could be terminated for cause for "malfeasance or nonfeasance or breach by [appellant] in the performance of [his] duties, as determined by the Board ***."
 {¶ 3} Appellee is located in Willoughby, Ohio. At the time appellant was hired, he was living in Murfreesboro, Tennessee. While appellant was attempting to sell his house in Tennessee, every week, at appellee's expense, he flew from Nashville to Cleveland on Monday morning and returned to Tennessee on Friday evening.
 {¶ 4} Appellant provided monthly updates to the president and director of appellee, William Lennon ("Lennon"), about his efforts to sell his home in Tennessee. On November 17, 1999, Lennon summarized in a letter to appellant his understanding of an agreement which had been reached a few days previously with respect to appellant's relocation efforts. Specifically, Lennon indicated that appellant should move his family to Ohio no later than April 31, 2000. To expedite appellant's relocation, Lennon agreed that $30,000 would be made available to appellant upon the sale of his Murfreesboro home, with the understanding that the $30,000 would allow appellant to reduce the asking price for his home by a comparable amount.
 {¶ 5} In an April 5, 2000 letter, appellant informed Lennon that his permanent relocation to Cleveland would be accomplished by the first week of May 2000. In this letter, appellant acknowledged the agreement which had been reached and summarized in the November 17, 1999 letter, with the exception of modestly extending the actual move from April 31, 2000 to the first week of May. On May 1, 2000, appellant, without his family, moved into an apartment in Willowick, Ohio.
 {¶ 6} On May 8, 2000, Lennon approached appellant in his office and asked where he was actually living. Lennon demanded this information because he had checked on the Internet and discovered that appellant still had not sold his home in Murfreesboro. Appellant refused to answer the question. Lennon then terminated appellant for insubordination.
 {¶ 7} On September 29, 2000, appellant filed his complaint in the instant matter. Count one of the complaint was for breach of contract and count two was for breach of good faith and fair dealings. Appellee filed a motion for summary judgment on August 28, 2001. In its December 3, 2001 judgment entry, the trial court granted appellee's motion. The trial court concluded that Lennon was the sole member of appellee's board of directors, and, as such, he had authority to terminate appellant for "malfeasance or nonfeasance" in appellant's performance of his duties pursuant to the employment agreement. The trial court determined that appellant's refusal to provide Lennon with his address after his relocation to Ohio constituted malfeasance or nonfeasance and, thus, appellant was terminated for cause. Appellant has filed a timely notice of appeal from the December 3, 2001 judgment entry and makes the following assignment of error:
 {¶ 8} "The Lake County Court of Common Pleas abused its discretion in granting [appellee's] [m]otion for [s]ummary [j]udgment as there were and are genuine issues of material fact relative to whether [appellant] was terminated for cause by [appellee]."
 {¶ 9} In a summary judgment exercise, the movant must prove that there is no genuine issue as to any material fact to be litigated; the movant is entitled to judgment as a matter of law; and, viewing the evidence in the light most favorable to the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. Midwestern Indemn. Co. v. Wiser (2001),144 Ohio App.3d 354, 357. An appellate court conducts a de novo review of a trial court's granting of a motion for summary judgment. Id. at 358.
 {¶ 10} In this case, appellant contends that there is a genuine issue of material fact. We disagree. In our view, the material facts in this matter are as follows: on May 8, 2000, Lennon inquired as to appellant's current address; appellant refused to supply Lennon with his current address; that refusal was reasonably construed to mean that he did not comply with the agreement; appellant was subsequently terminated for insubordination; and, under the terms of the employment agreement, appellant could be terminated for nonfeasance with respect to his duties as an employee. Our review of the record shows that these facts are undisputed; appellant freely admitted at his deposition that he refused to provide his address to Lennon.
 {¶ 11} The issue in this case is whether appellant's refusal to provide Lennon with his address could reasonably be interpreted to mean that he did not comply with the terms of their November 17, 1999 written agreement, thereby constituting "nonfeasance." Black's Law Dictionary (7 Ed. 2000) 861 defines "nonfeasance" as "[t]he failure to act when a duty existed." According to his deposition testimony, appellant relocated to an apartment in the Cleveland area on May 1, 2000. As of May 8, 2000, appellant had failed to provide his employer with his new residential address. When his employer demanded his address, appellant refused to provide it. A reasonable construction of this refusal is that appellant refused to provide evidence that he had complied with the November 17, 1999 agreement to have permanently moved to northeast Ohio.
 {¶ 12} The interpretation of a contract that contains unambiguous language and terms is a matter or law. Chepke v. Lutheran Bhd. (1995),103 Ohio App.3d 508, 513. In construing a contract, the intent of the parties is presumed to reside in the language contained in the agreement.In re Estate of Murray (Apr. 12, 2002), 11th Dist. No. 2000-T-0152, 2002 WL 550071, at 3.
 {¶ 13} An employee's provision of his address to his employer for administrative purposes is standard practice in this country. We conclude that an employee's refusal to inform his employer of his new address to demonstrate his compliance could be reasonably interpreted by the employer as nonfeasance with respect to the employee's duties. More specifically, however, appellant and his employer had an understanding which was memorialized in a written agreement. On November 17, 1999, Lennon sent appellant a letter summarizing an oral agreement concerning terms for appellant's permanent relocation and the urgency for that relocation. Again, Lennon indicated he had agreed to provide appellant with $30,000 so that appellant could lower the asking price on his home in order to expedite the move. Lennon also extended the time frame to April 31, 2000.
 {¶ 14} On April 5, 2000, appellant acknowledged the terms outlined in the November 17, 2000 letter to Lennon stating that permanent relocation to Cleveland would be accomplished by the first week of May 2000. Instead, when appellant moved into an apartment in the Cleveland area on May 1, 2000, he did so alone, without his family. Also, appellant did not lower the asking price on his home by $30,000, and thus did not sell it. Therefore, it was not a simple refusal to give an address alone which constituted nonfeasance, but rather the fact that the refusal signified that appellant did not comply with their agreement. Thus, in this case, Lennon terminated appellant with cause.
 {¶ 15} As part of his breach of contract claim, appellant asserted in his complaint that he was entitled to compensation for the three weeks of vacation time he accrued in the year 2000, but did not use. The employment agreement provides that in the event of termination for cause, "the Employee shall be entitled to receive any salary and other benefits earned and accrued prior to the date of termination and reimbursement for approved expenses incurred prior to the date of termination." Clearly, pursuant to this language, appellant is entitled to compensation for his accrued but unused vacation time.
 {¶ 16} Although we conclude that the trial court properly granted summary judgment for appellee on the issue of whether appellant was terminated for cause under the terms of the employment agreement, appellant's sole assignment of error is well-taken with respect to the issue of his accrued vacation time. Therefore, the judgment of the Lake County Court of Common Pleas is affirmed and part, and reversed in part, and remanded for further proceedings consistent with this opinion to address the issue of accrued vacation pay.
JUDITH A. CHRISTLEY and DIANE V. GRENDELL, JJ., concur.