[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Plaintiffs-Appellants, Kevin and Lisa Hanley, appeal a decision of the Hamilton County Court of Common Pleas granting summary judgment in favor of defendants/third-party plaintiffs, Kenneth Dean (Dean) Wertz and Adam Wertz. Kevin Hanley was injured when he was struck by a vehicle driven by Aristides Kinikles, who was intoxicated. Kinikles had been drinking while at a party hosted by twenty-year-old Adam Wertz in the house owned by his father, Dean, who was out of town. The Hanleys contended that Dean Wertz negligently allowed his house to be used for a party where underage drinking would occur and that Adam Wertz was negligent in hosting the party.
 {¶ 3} In their sole assignment of error, the Hanleys state that the trial court erred in granting the Wertzes' motion for summary judgment. First, they argue that Dean Wertz was liable because he knew or should have known that his son was having parties at his house where alcohol was consumed, and that he failed to exercise reasonable supervision.
 {¶ 4} The Hanleys rely on Huston v. Konieczny (1990),52 Ohio St.3d 214, 556 N.E.2d 505. In that case, the Ohio Supreme Court held that while ordinarily a parent is not liable for the damages caused by a child's wrongful conduct, liability can attach when the injury committed by the child is the foreseeable consequence of a parent's negligent act. In those circumstances, liability arises from the parent's conduct. Parents may incur liability when: (1) they negligently entrust their child with an instrumentality which, because of the child's immaturity or lack of experience, may become a source of danger to others, (2) they fail to exercise reasonable control over the child when the parents know, or should know, that injury to another is a probable consequence, or (3) they know of the child's wrongdoing and consent to it, direct it or sanction it. Houston, supra; Nearor v. Davis (1997),118 Ohio App.3d 806, 694 N.E.2d 120.
 {¶ 5} Setting aside the fact that both Kinikles and Adam Wertz were legally adults for all purposes except drinking alcohol, the Hanleys failed to present evidence that Dean Wertz knew or should have known that his son was having parties where alcohol was consumed or that he sanctioned it or condoned it. The uncontroverted evidence showed that he did not allow or condone underage drinking in his house and that Adam was aware of his father's rules on drinking. The uncontroverted evidence also showed that while Dean Wertz kept a small amount of alcohol in the house, Kinikles and the other party guests brought their own beer to the party.
 {¶ 6} To a large extent, the Hanleys mischaracterize the evidence. They attempt to paint a picture of Adam Wertz having frequent, wild parties at which substantial alcohol was consumed and substantial damage was done, thus putting Dean Wertz on notice of the consumption of alcohol. The evidence does not support this scenario. Instead, it shows that Adam Wertz sometimes had small gatherings of friends when his father was out of town and that alcohol was consumed. Though Dean Wertz acknowledged that he allowed his son to have his friends over to the house, nothing in the evidence showed that he should have been put on notice as to the use of alcohol at these gatherings. The Hanleys attempt to hold Dean Wertz liable because he knew his son had his friends come over and because he kept a small amount of alcohol in the house. This evidence is insufficient to meet their burden to show that Kevin Hanley's injury was a foreseeable consequence of any negligence by Dean Wertz. SeeMidwestern Indemnity Co. v. Wiser (2001), 144 Ohio App.3d 354,760 N.E.2d 62; Nearor, supra; Breeding v. Bd. of Trustees of German Twp.
(Nov. 16, 2001), 2nd Dist. No. 18760. Therefore, the trial court did not err in granting summary judgment in favor of Dean Wertz. See Drescher v.Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264; Stinespring v. NatorpGarden Stores, Inc. (1998), 127 Ohio App.3d 213, 711 N.E.2d 1104.
 {¶ 7} The Hanleys also argue that both Dean and Adam Wertz were liable as social hosts for knowingly allowing an underage person to remain in the house while possessing or consuming beer. Generally, the Supreme Court has been reluctant to extend liability to the social provider of alcoholic beverages in the absence of a statutory violation.Lesnau v. Andate Ent., 93 Ohio St.3d 467, 2001-Ohio-1591, 756 N.E.2d 97;Gressman v. McClain (1988), 40 Ohio St.3d 359, 533 N.E.2d 732; Houston,
supra. It has held that a social host may be liable for furnishing alcohol to a minor in violation of R.C. 4301.69(A). Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 526 N.E.2d 798. We have found no cases that have extended social-host liability beyond the situation where the host physically furnished the alcohol to a minor.
 {¶ 8} Nevertheless, the Hanley's rely upon R.C. 4301.69(B), which provides that "[n]o person who is the owner or occupant of any public or private place shall knowingly allow any underage person to remain in or on the place while possessing or consuming beer or intoxicating liquor * * *." Again, we set aside the fact that Kinikles and Adam Wertz were legally adults for all purposes except the consumption of alcohol. SeeGwin v. Phi Gamma Delta Fraternity (Oct. 16, 1997), 8th Dist. No. 71694. Even if we were inclined to extend social-host liability, the Hanleys presented no evidence showing a genuine issue of fact existed as to whether Dean or Adam Wertz knowingly allowed Kinikles to remain in their home while possessing or consuming beer or intoxicating liquor.
 {¶ 9} As we discussed previously, Dean Wertz was out of town and the evidence did not show that he knew or should have known that underage drinkers were consuming alcohol at his house in his absence. As to Adam Wertz, the evidence showed that Kinikles brought his own beer to the party. Adam Wertz's testimony was uncontroverted that he did not see Kinikles consuming any alcohol, that he was not aware that Kinikles had brought beer to the house and that Kinikles did not appear impaired in any way before he left the party. Consequently, the Hanley's failed to meet their burden to show that either Dean or Adam Wertz knowingly allowed the consumption of alcohol by Kinikles before the accident. SeeHorstman v. Farris (1999), 132 Ohio App.3d 514, 725 N.E.2d 698.
 {¶ 10} We find no issues of material fact. Construing the evidence most strongly in the Hanley's favor, we hold that reasonable minds could come to but one conclusion — that neither Dean Wertz nor Adam Wertz were liable for Kevin Hanley's injuries, which were ultimately caused by Kinikles. The Wertzes were entitled to judgment as a matter of law and the trial court did not err in granting their motion for summary judgment. See Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 375 N.E.2d 46; Stinespring, supra. Accordingly, we overrule the Hanleys' assignment of error and we affirm the trial court's judgment.
 {¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Winkler, JJ.