OPINION
{¶ 1} Plaintiffs-appellants, Robert Snider, Daryl Snider, Donald Snider, and David Snider, appeal the decision of the Clermont County Court of Common Pleas granting a directed verdict for defendant-appellee, Andrew Nieberding. We affirm the decision of the trial court.
 {¶ 2} On February 18, 1998, Estyl Lamb was struck by a motor vehicle while she was a pedestrian on Merwin-Ten Mile Road in Pierce Township, Ohio. Nieberding drove the vehicle that struck Lamb. Several hours after being struck, Lamb died from the injuries she received.
 {¶ 3} Lamb's sons, Robert, Daryl, Donald, and David, brought a negligence action against Nieberding and several insurance companies to recover damages for the death of their mother. The action came before a jury for trial on November 12, 2002. After the close of appellants' case, Nieberding moved for a directed verdict. The trial court granted Nieberding's motion. Appellants filed a timely appeal raising the following assignment of error:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY GRANTING DEFENDANT NIEBERDING'S MOTION FOR DIRECTED VERDICT WHERE GENUINE ISSUES OF FACT REMAINED TO BE DECIDED."
 {¶ 5} Appellants argue that pursuant to R.C. 4511.21 and 4511.48(E), Nieberding had a duty to use reasonable care to avoid colliding with a pedestrian on the roadway. Appellants maintain that the evidence demonstrates Nieberding was negligent when he struck Lamb, therefore, the trial court erred in granting the directed verdict.
 {¶ 6} First, we note that the review of the grant or denial of a motion for directed verdict is de novo. Grau v. Kleinschmidt (1987),31 Ohio St.3d 84, 90; Steppe v. K-Mart Stores (1999), 136 Ohio App.3d 454. However, an appellate court reviewing a directed verdict granted by a trial court must use the same standard of review applied by the trial court. That is: "[t]he evidence is construed most strongly for the nonmoving party, who is also given the benefit of all reasonable inferences from the evidence. Ruta v. Breckenridge-Remy Co. (1982),69 Ohio St.2d 66, 68. The court should consider neither the weight of the evidence nor the credibility of the witnesses. Osler v. Lorain (1986),28 Ohio St.3d 345, syllabus. A motion for a directed verdict tests the legal sufficiency of the evidence to take the case to the jury. Mayhornv. Pavey (1982), 8 Ohio App.3d 189, 191. Under this standard, the motion must be denied if there is substantial evidence upon which reasonable minds could come to different conclusions on the essential elements of the claim. Civ.R. 50(A)(4); O'Day v. Webb (1972), 29 Ohio St.2d 215, paragraph four of the syllabus." Donaldson v. Northern Trading Co.
(1992), 82 Ohio App.3d 476, 480.
 {¶ 7} Second, we note that: "a directed verdict motion made at the close of plaintiff's evidence is evaluated on the evidence in the plaintiff's case in chief ***." Chemical Bank of New York v.Neman (1990), 52 Ohio St.3d 204, 207. Keeping these standards of review in mind, we now consider the parties' arguments.
 {¶ 8} Appellants argue that Nieberding's negligence caused Lamb's death. It is rudimentary that a claim of negligence requires the plaintiff to show the existence of a duty, a breach of that duty, and an injury resulting proximately from the breach. Menifee v. Ohio WeldingProducts (1984), 15 Ohio St.3d 75, 77. Although a duty may be established by common law or a legislative enactment, whether a duty exists depends on the foreseeability of the injury. Eisenhuth v. Moneyhon (1954),161 Ohio St. 367, paragraph one of the syllabus; Menifee,15 Ohio St.3d at 77. "The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result for the performance or non-performance of an act." Id. The foreseeability of the injury usually depends on the defendant's knowledge. Id. In determining whether a reasonably prudent person would have perceived the risks of injury, "only those circumstances which they perceived, or should have perceived, at the time of their respective actions should be considered." Id.
 {¶ 9} Generally, a motor vehicle has the right to proceed uninterruptedly in a lawful manner in the direction in which it is traveling in preference to any vehicle or pedestrian approaching from a different direction into its path. R.C. 4511.01(UU)(1). Pedestrians crossing a roadway at any point other than within a marked crosswalk must yield to this preferential right of way of vehicles. R.C. 4511.48(A). A driver need not look for pedestrians or vehicles violating his right-of-way. See Deming v. Osinki (1970), 24 Ohio St.2d 179, 180-81. However, the operator of a motor vehicle must exercise due care to avoid colliding with a pedestrian in his right-of-way upon discovering a dangerous or perilous situation. Id.; R.C. 4511.48(E); Hawkins v. Shell
(June 4, 1998), Cuyahoga App. No. 72788.
 {¶ 10} In this case, it is undisputed that the vehicle driven by Nieberding was in the right of way. Appellants have offered no evidence that Nieberding operated his motor vehicle in violation of any law or ordinance. It is undisputed that Nieberding was operating his vehicle within the legal speed limit at the time of the accident. The record is devoid of any traffic citations issued to Nieberding. Since Nieberding had the right to proceed uninterruptedly in his path of travel on Merwin-Ten Mile Road, whether a directed verdict is appropriate depends on whether he failed to exercise due care to avoid Lamb.
 {¶ 11} Appellants' witnesses Marilyn Ward and Naomi Neal both testified that they saw a woman on the side of the road by her mailbox and then they saw someone being thrown into the air from a collision with a vehicle. Appellants' accident reconstruction expert, Dr. Ronald Hudson, testified that based upon general factual information he was provided, Lamb would have been visible to Nieberding as she crossed Merwin-Ten Mile Road for approximately 1.5 seconds. Dr. Hudson testified that it would take Nieberding .75 seconds to perceive Lamb in the roadway. Dr. Hudson then testified that it would require an additional 3.64 seconds to react and come to a stop after perceiving her in the roadway. Dr. Hudson testified that Nieberding would need 205 feet to stop the vehicle within that time, traveling at 40 miles per hour in the 45 miles per hour speed zone. Furthermore, Dr. Hudson testified that Nieberding never left his lane of travel. There was no marked crosswalk on the roadway. Dr. Hudson testified that that the accident did occur in the roadway and the pedestrian had the duty to yield the right of way to a vehicle within the roadway.
 {¶ 12} Dr. Hudson also testified that, in his expert opinion Nieberding was negligent when he struck Lamb. However, the fact that a vehicle hits an individual on a roadway does not establish negligence.Dixon v. Nowakowski (Aug. 27, 1999), Lucas App. No. L-98-1372. Negligence is never presumed, it must be proven. Biery v. Pennsylvania RR. Co.
(1951), 156 Ohio St. 75, paragraph two of the syllabus. "In an action based on negligence, the presumption exists that each party was in the exercise of ordinary care and such presumption prevails until rebutted by evidence to the contrary." Id.
 {¶ 13} The claim of negligence is not supported since drivers with the right of way have no duty to keep an "effective look out" for those violating his right of way. See Deming, 24 Ohio St.2d at 180-181. In the absence of foreseeable injury or any material proof of negligence, we find that the trial court correctly concluded that Nieberding did not violate any duty of care toward Lamb.
 {¶ 14} Lamb failed to comply with the provisions of R.C. 4511.46(B) which prohibit a pedestrian from leaving a point of safety and walking into the path of a vehicle. Further, Lamb violated R.C. 4511.48(A) which states that, "[e]very pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles, *** upon the roadway." Failure to comply with a legislative enactment designed to prevent accidents or perilous situations is negligence per se. SeeEisenhuth, 161 Ohio St. 367, at paragraph two of the syllabus; Wolfe v.Baskin (1940), 137 Ohio St. 284, 296. Since R.C. 4511.46(B) and 4511.48(A) both provide, at a minimum, for the safety of pedestrians, Lamb is negligent per se for failing to comply with them.
 {¶ 15} In situations "[w]here one party is negligent per se and there is no evidence of any negligence on the part of the other party, there is nothing to submit to a jury." Copas v. McCarty (Aug. 26, 1985), Clinton App. No. CA85-03-005, at 3-4. Therefore, we conclude, after construing the evidence most strongly in favor of the appellants, that reasonable minds could come to but one conclusion on the issue, and the conclusion is adverse to appellants.
 {¶ 16} We recognize that this was a tragic accident that resulted in the loss of life. However, the trial court properly granted Nieberding's motion for directed verdict. Therefore, appellants' assignment of error is overruled.
Judgment affirmed.
WALSH and BROGAN, JJ., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.