OPINION
{¶ 1} Plaintiffs-appellants, Meghann D. Wall ("Wall") and Wendi L. Wall, appeal the decision of the Clermont County Court of Common Pleas granting summary judgment in a negligence action in favor of defendant-appellee, Adam C. Sprague ("Sprague"). We affirm the decision of the trial court.
 {¶ 2} At approximately 9:30 p.m. on June 30, 2005, a motor vehicle driven by Sprague, struck Wall, a minor, while she was a pedestrian crossing State Route 28 in Miami *Page 2 
Township, Ohio. As a result of the accident, Wall sustained serious injuries.
 {¶ 3} At the time of the accident, Wall was crossing State Route 28 from the north with two friends in order to join several other friends at a store located on the south side of State Route 28. The location on State Route 28 where Wall and her friends were crossing had a total of six lanes, two of which were turn lanes. This particular location was not an intersection, nor was it within the boundary of a marked crosswalk.
 {¶ 4} Sprague was driving eastbound on State Route 28. During his deposition, Sprague testified that it was cloudy and near dusk at the time of the accident. According to Sprague, the lighting conditions on State Route 28 were dim, and the headlights of his vehicle were turned on. The front passenger in Sprague's vehicle also testified in his deposition that the lighting conditions that evening were dark, and that he could only see within the path of the vehicle's headlights.
 {¶ 5} Wall had crossed five of the six lanes of State Route 28 prior to being struck by the front left side of Sprague's vehicle. According to eyewitness testimony, Wall was approximately one foot in front of the other girls when she was struck. Sprague testified that he did not see Wall or her two friends prior to the impact. He testified that he saw only a "flash" of green just prior to the impact, which was a green jacket worn by one of Wall's friends. Sprague's passenger also testified that he did not see Wall or her friends prior to the accident and initially believed that the impact was a rock that had hit the windshield of the vehicle. Simultaneously with the impact, Sprague testified that he "slammed on the brakes" of his vehicle and immediately pulled over to the side of the road. Sprague was not issued any traffic citations for the accident.
 {¶ 6} On June 15, 2006, Wall and her mother, Wendi L. Wall, filed this action against Sprague, alleging that Sprague was negligent when he struck Wall with his vehicle. On December 13, 2006, Sprague moved for summary judgment on Wall's claims, arguing that *Page 3 
he owed no legal duty to Wall because she had attempted to cross State Route 28 at a point other than within a marked crosswalk or at an intersection, and therefore violated Sprague's right of way under R.C. 4511.48(A). The trial court granted Sprague's motion for summary judgment. Wall and her mother appealed, raising the following sole assignment of error:
 {¶ 7} "THE COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WALL IN GRANTING SUMMARY JUDGEMENT [sic] TO DEFENDANT-APPELLEE SPRAGUE."
 {¶ 8} This court reviews summary judgment decisions de novo, which means that we review the trial court's judgment independently and without deference to its determinations. Burgess v. Tackas (1998),125 Ohio App.3d 294. We utilize the same standard in our review that the trial court should have employed. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127.
 {¶ 9} The Ohio Supreme Court has repeatedly held that summary judgment is appropriate under Civ. R. 56 when "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v.Mentor Soccer Club, Inc., 82 Ohio St.3d 367, 369-370, 1998-Ohio-389.
 {¶ 10} In order to avoid summary judgment in a negligence action, the plaintiff must show the following: (1) that the defendant owed the plaintiff a duty of care, (2) that the defendant breached the duty of care, and (3) as a direct and proximate result of the defendant's breach, the plaintiff was injured. Angel v. The Kroger Co., Warren App. No. CA2001-07-073, 2002-Ohio-1607, citing Menifee v. Ohio WeldingProducts, Inc. (1984), 15 Ohio St.3d 75.
 {¶ 11} In overcoming a properly supported motion for summary judgment on a *Page 4 
negligence claim, the plaintiff must first be able to identify a duty owed by the defendant. Midwestern Indemn. Co. v. Wiser (2001),144 Ohio App.3d 354. "The existence of a duty in a negligence action is a question of law, * * * and depends on the foreseeability of the injury." Id. at 358. An injury is foreseeable if the defendant "knew or should have known that his act was likely to result in harm to someone." Id.
 {¶ 12} With regard to the existence of a duty owed by the driver of a motor vehicle to a pedestrian, this court has previously held that a driver of a vehicle owes no duty of care to a pedestrian who walks into the path of the vehicle in an area not marked by a crosswalk, therefore violating the driver's right-of-way. Snider v. Nieberding, Clermont App. No. CA2002-12-105, 2003-Ohio-5715. In Snider, a pedestrian was struck by a vehicle while she was crossing a road and walked into the vehicle's path. Id. at ¶ 2. It was undisputed that the vehicle was in the right-of-way, and the pedestrian had not crossed the road within a marked crosswalk. Id. at ¶ 10-11. There was no evidence that the driver of the vehicle violated any law or ordinance, and no traffic citations were issued to the driver as a result of the accident. Id. at ¶ 10.
 {¶ 13} Under Ohio law, the term "right-of-way" is defined as "[t]he right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it * * * is moving in preference to another vehicle * * * or pedestrian approaching from a different direction into its * * * path." R.C. 4511.01(UU)(1). In Snider, we noted that "[p]edestrians crossing a roadway at any point other than within a marked crosswalk must yield to this preferential right of way of vehicles." Id. at ¶ 9, citing R.C. 4511.48(A). A driver is not required to look for pedestrians or vehicles violating their right of way. Id., citing Deming v.Osinki (1970), 24 Ohio St.2d 179. A driver is only required to exercise due care to avoid colliding with a pedestrian who is in the driver's right of way once the driver discovers a dangerous or perilous situation. Id.
 {¶ 14} The facts in this case are similar to those in Snider. It is undisputed that *Page 5 
Sprague's vehicle was in the right of way on State Route 28. It is also undisputed that Wall was not crossing State Route 28 within a marked crosswalk. There is no evidence that Sprague violated any law or ordinance, and no traffic citations were issued. Sprague had no duty to keep an "effective look out" for Wall, since she was approaching from a different direction into his path. Id. at ¶ 13, citing Deming
at 180-181.
 {¶ 15} A duty of care to avoid striking Wall would have arisen only after Sprague discovered that she was in his right of way. Both Sprague and his passenger testified in their depositions that they did not see Wall or the other two girls prior to the impact. The passenger testified that he initially believed the impact was a rock hitting the windshield of the vehicle. Sprague testified to seeing only a "flash" of the green jacket worn by Wall's friend simultaneously with the impact, after which he immediately applied his brakes. Under these facts, we conclude that the injury to Wall was not foreseeable, as Sprague did not discover that Wall was in his right-of-way until the impact occurred. Accordingly, we find that Sprague did not violate any duty of care toward Wall under our holding in Snider.
 {¶ 16} Wall also argues that R.C. 4511.21(A), the assured clear distance statute, imposed a duty on Sprague to operate his vehicle at no greater speed than would permit him to bring it to a stop within an assured clear distance of her. R.C. 4511.21(A) provides that "[n]o person shall operate a motor vehicle * * * at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." A driver violates R.C. 4511.21(A) if they collide with an object that "(1) is ahead of them in their path of travel, (2) is stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) is reasonably discernible." Wilson v. Maple, Clermont App. No. CA2005-08-075,2006-Ohio-3536, ¶ 13, citing Pond v. *Page 6 Leslein, 72 Ohio St.3d 50, 52, 1995-Ohio-193. The party invoking the statute must present uncontroverted evidence establishing each of the four elements in order to establish that a statutory violation occurred. See Pond at 52.
 {¶ 17} Wall argues that she was "reasonably discernable" to Sprague for a sufficient amount of time prior to the accident to permit Sprague to avoid hitting her. In support of her argument, Wall presented affidavit testimony from two individuals who allegedly witnessed the accident. One witness testified that he was in his vehicle at an intersection on the north side of State Route 28 and observed Wall and her two friends running across the road. The witness stated that the girls were visible to him. Another witness, a friend of Wall's who was crossing the road with her at the time of the accident, stated in her affidavit that Wall and her friends saw Sprague's car approaching from the east. Wall argues that since Sprague's vehicle was reasonably discernible to her and her friends, they should have been reasonably discernible to Sprague.
 {¶ 18} After reviewing the evidence submitted in this case, we find that WaIl failed to set forth sufficient evidence regarding all elements necessary to create a jury question with regard to Sprague's alleged violation of R.C. 4511.21(A). See Wilson at ¶ 18. The accident occurred when Wall and her friends were crossing State Route 28, thus they were not stationary or moving in the same direction as Sprague. The evidence also reveals that Wall and her friends were not reasonably discernable and appeared suddenly in the path of Sprague's vehicle. Both Sprague and his passenger testified in their depositions that they did not see Wall or the other two girls prior to the impact. The passenger testified that he initially believed the impact was a rock hitting the windshield of the vehicle. Sprague testified to seeing only a flash of the green jacket worn by Wall's friend simultaneously with the impact. The evidence also reveals that it was cloudy and near dusk at the time of the accident, which reduced Sprague's visibility. Based on the evidence, we find that the trial *Page 7 
court did not err in finding that Sprague owed no duty to Wall under the assured clear distance statute.
 {¶ 19} As an additional issue presented under Wall's assignment of error, she argues that as a minor, she was not negligent per se in violating Sprague's right of way, and that it is a jury's role to determine whether her violation of R.C. 4511.48(A) constituted negligence given her age, education, experience and intelligence. Our review of the record reveals that Wall failed to raise this argument in the court below. Wall admits in her brief that the issue was not raised or argued to the trial court.
 {¶ 20} Appellate courts do not consider arguments raised by parties for the first time on appeal. State ex rel. Quarto Mining Co. v.Foreman, 79 Ohio St.3d 78, 1997-Ohio-71. "Despite the fact that appellate courts review summary judgment decisions de novo, `the parties are not given a second chance to raise arguments that they should have raised below.'" Perlmutter v. People's Jewelry Co., Lucas App. No. L-04-1271, 2004-Ohio-5031, ¶ 29, quoting Aubin v. Metzger, Allen App. No. 1-03-08, 2003-Ohio-5130, ¶ 10.
 {¶ 21} Even if Wall had properly raised this issue in the court below, she has not, as a matter of law, identified any duty of care owed to her by Sprague in this case. Therefore, the issue of Wall's negligence is not applicable to our analysis. "Absent a duty owed to the particular plaintiff and a breach thereof, there can be no liability for negligence." Young v. Edgington (Apr. 13, 1992), Brown App. No. CA91-08-014, citing Hager v. Griesse (1985), 29 Ohio App.3d 329.
 {¶ 22} After construing the evidence most strongly in favor of Wall, we conclude that no genuine issue of fact exists regarding any duty owed by Sprague to Wall under this court's holding in Snider or the assured clear distance statute, R.C. 4511.21(A). Accordingly, we find that the trial court did not err in granting summary judgment to Sprague on Wall's negligence claim. Wall's assignment of error is overruled. *Page 8 
 {¶ 23} Judgment affirmed.
 YOUNG and POWELL, JJ., concur. *Page 1