FOULKE, Appellant, et al.

v.

BEOGHER et al., Appellees.

[Cite as *Foulke v. Beogher*, 166 Ohio App.3d 435, 2006-Ohio-1411.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–05–03.

Decided March 27, 2006.

436

Christopher Lardiere, Darren A. McNair, Javier Armengau, and H. Frank McDaniel Jr., for appellant.

Kenneth Beddow and Joseph P. Hoerig, for appellee Jonathan Short.

Michael M. Heimlich, for appellee George Beogher.

CUPP, Judge.

{¶ 1} Plaintiff-appellant, Michael Foulke, appeals the judgment of the Marion County Court of Common Pleas granting summary judgment in favor of defendant-appellee Jonathan Short.

{¶ 2} On August 28, 2001, Short drove his pickup truck on a two-lane residential street in the city of Marion. Short observed an ice-cream truck parked in a no-parking zone along the right side of the road. Short also noticed a pickup truck parked opposite the ice-cream truck along the left side of the road. Short then decelerated his pickup truck, engaged his left turn signal, and passed between the two vehicles. Foulke, a ten-year-old child, emerged from in front of the ice-cream truck at the same time. Foulke was struck by Short's pickup truck and sustained serious physical injuries.

{¶ 3} Foulke, by and through his mother, Alice Hall, filed a negligence claim against Short and the driver of the ice-cream truck, George Beogher. Foulke, Hall, Short, and Beogher filed various additional claims against each other. Only one of those additional claims, a cross-claim that Beogher filed against Short, is at issue in the instant appeal.

{¶ 4} Short filed a motion for summary judgment in response to Foulke's negligence claim and Beogher's cross-claim. The trial court granted Short's motion as to both claims, found no just reason to delay an appeal, and ordered that the parties proceed to trial on the remaining claims.

{¶ 5} It is from this decision that Foulke appeals and sets forth two assignments of error for our review. For purposes of clarity, we address Foulke's assignments of error out of the order presented in his brief.

### Assignment of Error No. 2

The trial court improperly granted summary judgment to Defendant–Appellee Jonathan Short by finding that all the disputed facts were immaterial.

{¶ 6} In his second assignment of error, Foulke argues that the trial court erred in concluding that discrepancies in Short's account of the accident did not create genuine issues of material fact. For the reasons that follow, we find Foulke's second assignment of error to be well taken.

{¶ 7} An appellate court reviews a grant of summary judgment de novo. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. Accordingly, the moving party may prevail on a motion for summary judgment only if there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds could come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150.

{¶ 8} The party seeking recovery under a claim of negligence must show the existence of a duty, a breach of that duty, and injury resulting proximately therefrom. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 423 N.E.2d 467. Whether a duty exists is a matter of law to be decided by the court. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265.

{¶ 9} In discussing the duty a driver owes to a pedestrian, this court has stated:

Negligence in motor vehicle cases, as in negligence cases generally, is the failure to exercise ordinary care so as to avoid injury to others. Ordinary care is that degree of care which persons of ordinary care and prudence are accustomed to observe under the same or similar circumstances, and the degree of care required of a motorist is always controlled by and depends upon the place, circumstances, conditions, and surroundings. Thus, ordinary care, as applied to the conduct of a motorist driving along the streets of a municipality, in a case brought against him by a pedestrian for injuries sustained, is such care as persons of ordinary care and prudence in driving and managing automobiles in the streets of a city are accustomed to exercise and observe for the protection of persons traveling in the streets.

*McDonald v. Lanius* (Oct. 28, 1993), 3d Dist. No. 9-93-23, 1993 WL 451201, at *2, citing 7 Ohio Jurisprudence 3d (1978) 483-484, Automobiles and Other Vehicles, Section 312.

{¶ 10} The duty a driver owes a child is also dependent upon the place, circumstances, conditions, and surroundings. *Franks v. Venturella* (June 28, 2000), 3d Dist. No. 1-2000-06, 2000 WL 924807 at *4, quoting *Rayoum v. Adams*

(July 24, 1998), 6th Dist. No. L–97–1370, 1998 WL 421589, at *3. But "[i]n cases where the driver of a motor vehicle knows of the presence of children in, near, or adjacent to the street or highway, or should know that children may reasonably be expected to be in the vicinity, the driver is under a heightened duty to exercise ordinary care * * *." Id.

{¶ 11} This court qualified that heightened duty of ordinary care as being proportional to the child's age, experience, and inability to foresee and avoid perils. *Franks*, supra, 2000 WL 924807 at *5. This court further stated:

> [The] heightened standard of care does not require an attentive motorist who prudently manages and controls her vehicle at all times to go to such lengths as to ignore customary traffic rules, and perhaps, even the safety of other motorists, in order to keep perpetual guard over children on the sidewalk when it is clearly unrealistic to do so. This is especially true * * * when there is no sign that the children may dart out into traffic.

*Nordyke v. Martin Bird Ent., Inc.* (Aug. 23, 2000), 3d Dist. No. 16–2000–5, 2000 WL 1201460, at *3.

{¶ 12} Foulke argues that genuine issues of material fact exist as to whether Short breached the heightened duty of ordinary care. Foulke relies on discrepancies in Short's account of the accident to support his argument. Short stated in his deposition testimony that he did not see any children near the ice-cream truck. But in contrast, Short stated in an accident report that he slowed his pickup truck because he "saw the ice cream truck and kids crossing."

{¶ 13} In addition to this inconsistency, Short's deposition testimony reflects that Short saw Foulke running from the ice-cream truck, "pumping his arms," and "going full force" before the collision. Short also stated in the accident report, however, that he did not know that he hit Foulke until he heard an impact.

{¶ 14} The trial court found these discrepancies to be immaterial because Foulke did not establish that Short diverted his attention from the roadway. The trial court also found that Short's act of slowing his pickup truck reflected a "heightened sense of caution." Based on these findings, the trial court determined that reasonable minds could only conclude that Short was not negligent.

{¶ 15} The threshold issue on appeal is whether Short fell subject to the heightened duty of ordinary care. Notably, the words "Watch for Children" and "Slow" appeared in large, prominent letters on the back of the parked ice-cream truck. Moreover, Short noticed the ice-cream truck before he began to decelerate. Despite Short's inconsistent statements, we find that under the particular facts of this case Short should have known that children could reasonably have

been expected to be in the vicinity of the ice-cream truck. Thus, we conclude that the heightened duty of ordinary care applied.

{¶ 16} The issue then becomes whether a question of material fact exists as to Short's alleged breach of that heightened duty. In considering that issue under analogous circumstances, this court has focused on whether the driver diverted attention from the roadway. See, e.g., *Franks*, supra, 2000 WL 924807 at *5 (reversing summary judgment granted to a driver where the driver had purposefully diverted her attention from the roadway); *Nordyke*, supra, 2000 WL 1201460, at *3 (affirming summary judgment for a driver who had not purposefully diverted his attention from the roadway).

{¶ 17} Although Short may have kept his attention on the roadway and slowed his pickup truck, as the trial court found, we cannot say *at this time* that those actions were determinative. Rather, we find that Short's discrepant statements raise questions of material fact as to the specific circumstances under which Short acted. We further find that questions exist as to whether Short's actions under those specific circumstances constituted a breach of the heightened duty of ordinary care. This court has previously held that such questions are "eminently" matters of fact to be more thoroughly developed at trial. *Franks*, supra, 2000 WL 924807 at *5. We must, therefore, conclude that the trial court erred in granting summary judgment in favor of Short.

{¶ 18} Short contends in the alternative that even if genuine issues of material fact exist, the trial court's decision granting summary judgment was nonetheless proper. Short advances two arguments in furtherance of this contention. For the reasons that follow, we find Short's arguments unpersuasive.

{¶ 19} Short argues that the trial court properly granted summary judgment because Foulke acted as the proximate cause of the accident. A plaintiff asserting a successful negligence claim must demonstrate that the defendant's conduct proximately caused the injuries. *Mussivand*, 45 Ohio St.3d at 318, 544 N.E.2d 265. In this case, the proximate cause was that which "in the natural and continued sequence of events" produced Foulke's injuries. *Kemerer v. Antwerp Bd. of Edn.* (1995), 105 Ohio App.3d 792, 796, 664 N.E.2d 1380, citing *Piqua v. Morris* (1918), 98 Ohio St. 42, 120 N.E. 300, paragraph one of the syllabus.

{¶ 20} After reviewing the record, we are unable to determine whether Short's alleged breach of the heightened duty of ordinary care or Foulke's act of walking from in front of the ice-cream truck constituted the proximate cause of the accident. Under the facts presented, each act may be deemed to have produced Foulke's injuries "in the natural and continued sequence of events." Thus, we find that reasonable minds could differ as to issue of proximate cause.

{¶ 21} Short further argues that Foulke acted negligently when he walked from in front of the ice-cream truck. From this premise, Short also argues that the trial court properly granted summary judgment because reasonable minds could only conclude that Foulke's negligence amounted to more than 50 percent, thus barring recovery.

{¶ 22} A child between seven and 14 years of age is presumed to be incapable of negligence. *Franks, supra,* 2000 WL 924807 at *6. Nevertheless, a party may rebut that presumption by demonstrating that "the child is of sufficient maturity and capacity to avoid danger and make intelligent judgments with regard to the particular activity in which he had engaged." Id., citing *Lake Erie W. R.R. Co. v. Mackey* (1895), 53 Ohio St. 370, 383–384, 41 N.E. 980.

{¶ 23} Foulke was ten years old at the time of the accident and, therefore, presumed to be incapable of negligence. Short asserts that evidence in the record rebuts that presumption. In particular, Short notes that Hall testified during her deposition that Foulke knew and understood, among other things, the concept of looking both ways before crossing the street. Short also notes that Beogher testified during his deposition that he told Foulke to exercise caution only moments before the accident.

{¶ 24} Even assuming, arguendo, that the deposition testimony established that Foulke could make the necessary judgments for self care and that he failed to act accordingly, we cannot say that Short is relieved from liability as a matter of law. " 'Issues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion.' " *Franks,* 2000 WL 924807 at *7, quoting *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 646, 597 N.E.2d 504, citing *Hitchens v. Hahn* (1985), 17 Ohio St.3d 212, 17 OBR 447, 478 N.E.2d 797. Given the uncertainty surrounding the events that occurred, we hold that reasonable minds could differ as to whether Foulke's negligence, if any, amounted to more than 50 percent.

{¶ 25} For the foregoing reasons, Foulke's second assignment of error is sustained.

### Assignment of Error No. 1

The trial court improperly granted summary judgment to Defendant–Appellee Jonathan Short by not construing certain facts in the non-moving party's favor despite facts in support.

{¶ 26} In his first assignment of error, Foulke argues that the trial court did not construe the evidence in his favor as Civ.R. 56(C) requires.[1] For the reasons that follow, we find Foulke's first assignment of error to be well taken.

{¶ 27} The trial court's entry granting summary judgment provides:

[T]he Court finds that Defendant Short is entitled to Summary Judgment. All of the available evidence demonstrates that Defendant Short approached the area of where the ice cream truck was stopped at a speed below the speed limit; * * * that Defendant Short had very little, if any, warning that Plaintiff Foulke was running across the street when Defendant Short had the right-of-way; * * * and that Defendant Short could not avoid the collision.

{¶ 28} In support of his argument, Foulke highlights several portions of the record that he contends weigh in his favor and against the trial court's factual conclusions. For example, Foulke notes that Short stated in the accident report that he approached the ice-cream truck at "about," as opposed to "below," the 25–mile–per–hour speed limit.

{¶ 29} Foulke also highlights facts in the record that he contends the trial court disregarded in making its factual conclusions. In particular, the trial court found that Short had "very little, if any, warning" that Foulke would run into the street. Foulke concludes, however, that the wording on the ice-cream truck provided Short with sufficient warning and that Short's discrepant statement in the accident report that he observed "kids crossing" substantiated that conclusion.

{¶ 30} More generally, the trial court found that Short could not have averted the collision. In opposition to the trial court's conclusion, Foulke broadly asserts that the uncertain facts surrounding the collision may be construed more strongly in his favor so as to support the conclusion that Short could have averted the accident entirely.

{¶ 31} Although we find some evidence in the record that supports the trial court's factual conclusions, we are unable to say that the trial court construed all of the evidence "most strongly" in Foulke's favor. Because Civ.R. 56(C) required it to do so, we find this to be an additional reason to reverse the trial court's decision to grant summary judgment in favor of Short.

{¶ 32} Accordingly, Foulke's first assignment of error is also sustained.

---

1. As noted above, "summary judgment shall not be rendered unless it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, *that party being entitled to have the evidence * * * construed most strongly in the party's favor.*" (Emphasis added.) Civ.R. 56(C).

{¶ 33} Having found error prejudicial to the appellant in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BRYANT, P.J., and SHAW, J., concur.