OPINION
{¶ 1} Appellants, Dennis Bucci and Marcia Bucci, appeal the summary judgment entered in favor of appellee, Samantha Krotz, on appellants' complaint for personal injuries and loss of consortium arising from a motor vehicle accident. For the reasons that follow, the matter is reversed and remanded.
 {¶ 2} On October 21, 2004, Dennis Bucci ("appellant") was riding his Honda motorcycle on State Route 84 in Madison Township, Ohio. Where the accident *Page 2 
occurred, Route 84 is called South Ridge Road and is a two-lane road with one lane heading west and one lane heading east.
 {¶ 3} Appellant was riding his motorcycle in the westbound lane in a line of traffic directly behind an 18-wheel tractor-trailer. Directly in front of the tractor-trailer was a Chrysler PT Cruiser operated by Genevieve Siluva. Directly in front of Ms. Siluva was a Chevrolet Lumina operated by appellee.
 {¶ 4} Appellee had recently entered South Ridge Road after having dropped off a friend Ethan who lived on the north (right) side of the road. Appellee was also driving another friend Alex, and intended to drop him off at his residence, which was a short distance further west on the south (left) side of South Ridge Road. Upon entering the westbound lane of South Ridge Road, appellee activated her left-hand turn signal as she intended to make a left-hand turn to drive into Alex' driveway. The eastbound lane of South Ridge Road was to appellee's left. In preparing to make her left-hand turn, appellee looked ahead for oncoming traffic travelling eastbound because, as she said in her affidavit, she would have to yield to oncoming traffic prior to turning left.
 {¶ 5} Appellant activated his left-turn signal and made a left turn hand signal, then rode his motorcycle into the eastbound lane to pass the vehicles in front of him. He testified he only turned his left-turn signal on once when he entered the eastbound lane and that it was on for ten to twenty seconds. He successfully passed the tractor-trailer and then the PT Cruiser. Appellant then tried to pass appellee's vehicle. He testified his turn signal may still have been on at that time, but he did not know if it was. *Page 3 
 {¶ 6} Appellee stated she did not notice appellant's left-turn signal, and proceeded to make her left-hand turn. Appellant hit his brakes and his motorcycle skidded. His motorcycle slammed into the driver's rear side of appellee's vehicle, causing both drivers to sustain injuries. Appellant testified he had been in the eastbound lane for fifteen to twenty-five seconds prior to the collision.
 {¶ 7} Appellant sued appellee, alleging she was negligent in making her left-hand turn and that her negligence was the proximate cause of his injuries and his wife's loss of consortium. Appellee filed an answer and counterclaim against appellant, alleging that she sustained injuries as a proximate result of appellant's negligence.
 {¶ 8} Appellee filed a motion for summary judgment, arguing she had not breached any duty owed to appellant. Appellant argued in opposition that appellee should not have entered the road with three other vehicles "bearing down on her," and that she had a duty to look behind her in her rearview mirror before turning left.
 {¶ 9} The trial court entered summary judgment in appellee's favor by its judgment entry, dated November 15, 2006. The court found that the other vehicles were not "bearing down" on appellee when she entered South Ridge Road; that appellee had pulled safely into the westbound lane in front of the PT Cruiser; that appellee did not violate any specific statutes or regulations when she made her left-hand turn; and that she had her left-hand turn signal activated prior to making her left-hand turn.
 {¶ 10} As to appellee's alleged duty to look into her rearview mirror, appellant cited R.C. 4513.23, which requires that every motor vehicle have such a mirror. The *Page 4 
trial court found that no statute specifically required appellee to look into her rearview mirror in making a left-hand turn.
 {¶ 11} Appellant also claimed appellee violated R.C. 4511.39(A), which requires drivers to use "due care to ascertain that [turns] can be made with reasonable safety." The trial court noted that even appellant admitted the road ahead was clear. The court found there was no evidence appellee had insufficient clearance from oncoming traffic when she began her turn. The trial court found that R.C. 4511.39(A) does not require a driver to check for every conceivable danger before executing a turn, only to make sure he or she can turn with "reasonable safety," which, the court found, appellee had done.
 {¶ 12} In contrast, the court found that appellant violated R.C.4511.27(A), by failing to "audibly or visually signal when he began passing" appellee. The court found that if he had done so, appellee would have had notice of his intent to pass her. The court found this failure to signal appellant's intent to pass constituted negligence and proximately caused the collision.
 {¶ 13} On May 31, 2006, the parties had settled and dismissed appellee's counterclaim. As a result, the court's summary judgment was a final and appealable order.
 {¶ 14} Appellant appeals the trial court's judgment entry, asserting one assignment of error, as follows:
 {¶ 15} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT BECAUSE GENUINE ISSUE *Page 5 
[SIC] OF MATERIAL FACT EXIST [SIC] AS TO WHETHER OR NOT THE DEFENDANT BREACHED A DUTY OF CARE OWED TO THE PLAINTIFFS."
 {¶ 16} In order for summary judgment to be granted, the moving party must prove:
 {¶ 17} "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v.Eckstein (1996), 76 Ohio St.3d 383, 385, 1996-Ohio-389.
 {¶ 18} The Supreme Court stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296, 1996-Ohio-107:
 {¶ 19} "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *." (Emphasis omitted.)
 {¶ 20} If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E). *Page 6 
 {¶ 21} Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto County Comm'rs (1993),87 Ohio App.3d 704, 711. The Brown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp. (1992),79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 22} The trial court found that appellant violated R.C. 4511.27(A) by failing to audibly or visually signal when he passed appellee. R.C.4511.27(A) provides:
 {¶ 23} "The following rules govern the overtaking and passing of vehicles * * * proceeding in the same direction:
 {¶ 24} "(1) The operator of a vehicle * * * overtaking another vehicle * * * proceeding in the same direction shall * * * signal to the vehicle * * * to be overtaken * * *."
 {¶ 25} The Ohio Supreme Court addressed this statute in Wilfong v.Batdorf (1983), 6 Ohio St.3d 100 (modified on other grounds by VanFossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, at paragraph one of the syllabus.) In Wilfong the plaintiff was travelling northbound on a two-lane highway, following a truck driven by the defendant. The plaintiff decided to pass the truck. She turned on her left signal indicator and pulled into the southbound lane to pass. The Court held: "Any signal which would be effective to alert the driver of a vehicle to be overtaken of the intent of the driver of the overtaking vehicle to pass is sufficient to meet the requirements of R.C. 4511.27(A)." Id. at paragraph two of the syllabus. The Court further held: *Page 7 
 {¶ 26} "It is a question of fact whether the signal given by an overtaking vehicle's driver is sufficient. The use of a signal indicator and the moving of the overtaking automobile into the left lane could be construed as sufficient to fulfill the requirements of R.C. 4511.27(A) to an operator of an overtaken vehicle who is properly keeping a check on traffic in his rearview mirror. Whether such signal by plaintiff was sufficient in this case [is] an issue for determination by the trier of fact." Id. at 102-103.
 {¶ 27} This court followed Wilfong in Village of North Kingsville v.Anthony (Dec. 5, 1997), 11th Dist. No. 97-A-0018, 1997 Ohio App. LEXIS 5438. In that case this court held: "Determining whether the signal given in a particular case is sufficient to meet the requirements of R.C. 4511.27(A) in light of Wilfong is an issue of fact left to the discretion of the fact finder * * *." Id. at *6.
 {¶ 28} There is evidence in the record that appellant activated his left turn signal when he entered the eastbound lane. He testified he activated his signal once upon entering the eastbound lane for ten to twenty seconds, and that he was in that lane for fifteen to twenty-five seconds prior to the collision. He did not reactivate his signal prior to passing appellee. He said his signal may have been on when he attempted to pass appellee, but he did not know. A jury question was presented concerning whether appellant gave a sufficient left turn signal prior to attempting to pass appellee as required by R.C.4511.27(A). We do note that in Village of North Kingsville, this court held that the trial court did not abuse its discretion in finding that the defendant's use of her left turn signal was an insufficient signal in that there was heavy machinery present and the defendant had attempted to pass three vehicles at one time. *Page 8 
 {¶ 29} Appellant argues that appellee owed him a duty to look behind in her rearview mirror before making her left-hand turn pursuant to R.C.4511.39(A). That section provides in part:
 {¶ 30} "No person shall turn a vehicle * * * or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety * * *"
 {¶ 31} Appellant argues that appellee breached a duty of care owed to him by failing to look into her rearview mirror prior to making her left-hand turn to determine whether someone was trying to pass her. Appellant bases this argument on the following sentence in appellee's affidavit: "After I pulled out and went westbound, I was looking in a westbound direction for traffic that was coming eastbound, as I would have to yield to such traffic."
 {¶ 32} Appellant argues that even if appellee had a rearview mirror, "it is abundantly clear that she did not use [it]." Appellant failed to take appellee's deposition, and the record is therefore not clear concerning whether appellee used her rearview mirror at or near the time she made her left-hand turn. In the absence of a deposition or a direct reference in her affidavit, it is unknown whether appellee looked into her rearview mirror. However, the driver of the PT Cruiser Genevieve Sivula stated in her affidavit that she saw appellant pass her. Appellant argues that Ms. Sivula could only have seen appellant pass her by looking into her rearview mirror so appellee should have looked into her mirror and seen appellant. While there is no evidence bearing directly on the issue, the affidavits of appellee and Ms. Sivula create a genuine issue of *Page 9 
material fact concerning whether appellee looked behind her prior to moving into the eastbound lane.
 {¶ 33} We note that cases involving motor vehicle accidents are usually dependant upon the resolution of factual issues, and are generally not appropriate for summary judgment. In Foulke v.Beogher (2006), 166 Ohio App.3d 435, the Third Appellate District held:
 {¶ 34} "Negligence in motor vehicle cases, as in negligence cases generally, is the failure to exercise ordinary care so as to avoid injury to others. Ordinary care is that degree of care which persons of ordinary care and prudence are accustomed to observe under the same or similar circumstances, and the degree of care required of a motorist is always controlled by and depends upon the place, circumstances, conditions, and surroundings. * * *." Id. at 439, quoting McDonald v.Lanius (Oct. 28, 1993), 3d Dist. No. 9-93-23, 1993 Ohio App. LEXIS 5470, at *4-*5. (Emphasis omitted.)
 {¶ 35} The court in Foulke further held that questions concerning whether the conduct of the driver of a motor vehicle in the specific circumstances constituted a breach of a duty of ordinary care are eminently matters of fact to be thoroughly developed at trial. Id. at 441.
 {¶ 36} Genuine issues of material fact exist in this case concerning, inter alia, whether appellant gave a sufficient signal and whether appellee looked behind her before executing her left-hand turn. *Page 10 
 {¶ 37} Viewing the evidence and inferences to be drawn therefrom most strongly in favor of appellant, we hold that genuine issues of material fact were presented and that appellee was not entitled to summary judgment.
 {¶ 38} For the reasons stated in the Opinion of this court, it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.
MARY JANE TRAPP, J., concurs,