[Cite as *Meyer v. Rapacz*, 2011-Ohio-2537.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   95571

---

## F. LUCILE MEYER

PLAINTIFF-APPELLANT

VS.

## MATEUSZ RAPACZ, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-670899

**BEFORE:**     Boyle, P.J., Sweeney, J., and Keough, J.

**RELEASED AND JOURNALIZED:**     May 26, 2011

## ATTORNEY FOR APPELLANT

Stephen S. Vanek
Friedman, Domiano & Smith Co., L.P.A.
55 Public Square
Suite 1055
Cleveland, Ohio    44113-1901

## ATTORNEYS FOR APPELLEES

### For Mateusz Rapacz, et al.

Joseph G. Ritzler
Ritzler, Coughlin & Paglia, Ltd.
1360 East Ninth Street
1000 IMG Center
Cleveland, Ohio    44114

### For Nationwide Insurance Company

Joyce V. Kimbler
50 S. Main Street
Suite 502
Akron, Ohio    44308

Mark V. Micheli

–3–

Lakeside Place, Suite 410
323 Lakeside Avenue, West
Cleveland, Ohio    44113

MARY J. BOYLE, P.J.:

{¶ 1}  Plaintiff-appellant, F. Lucile Meyer ("Lucile"), administratrix of the estate of

Roland Meyer, appeals the trial court's judgment granting a directed verdict in favor of

defendants-appellees, Mateusz Rapacz and Nationwide Insurance Company, on her claim for

negligence.   She further appeals the trial court's denial of her motion for a new trial.   We

affirm.

Procedural History and Facts

{¶ 2}  This case arises out of the tragic death of Lucile's husband, Roland Meyer.

On December 8, 2007, Roland, who was 77 years old and suffering from Alzheimer's,

wandered out of his house and was struck by Rapacz's vehicle.   Following the accident,

Lucile, as administratrix of Roland's estate, commenced the underlying action against

Rapacz, asserting a single claim of negligence.   She further asserted a claim against

Rapacz's brother-in-law, Michael Klejna, for negligent entrustment of the vehicle, and a

claim against Nationwide Insurance for underinsured/uninsured benefits pursuant to a policy carried by Roland. Prior to trial, Lucile voluntarily dismissed her claim against Klejna. The matter proceeded to a jury trial on the other two claims.

**{¶ 3}** Lucile's theory at trial was that Rapacz failed to maintain an assured-clear distance, thereby failing to avoid hitting Roland, who was a visible object. Lucile contended that, had Rapacz been paying attention, he could have avoided hitting Roland with his vehicle.

**{¶ 4}** The evidence revealed that, around 7:30 p.m. on December 8, 2007, Rapacz was traveling westbound on Butternut Ridge Road in North Olmsted, when he struck Roland. Roland was wearing a dark blue sweatshirt, dark pants, and white tennis shoes. Rapacz never saw Roland and, immediately following impact, he was still unsure whether he had struck a deer or a person. Rapacz's vehicle, a 1998 Ford Contour, sustained damage to the right passenger side of the vehicle — the passenger mirror fell off the car; the passenger side window shattered, and there was damage to the right fender near the wheel.

**{¶ 5}** Jan Thompkins, who was driving a full-size pick-up truck immediately behind Rapacz with approximately "two car lengths" distance between them, testified that Rapacz never left his lane of travel but that Rapacz was "further right," closer to the fog line than Thompkins's vehicle. He further testified that, despite the street light on Butternut, it was "dark" traveling on the road. Thompkins never saw Roland prior to his impact with

Rapacz's vehicle; he could not say whether Roland was standing in the roadway or walking into the roadway at the time of the collision but testified that Roland was facing the street. According to Thompkins, Roland seemed to come out of nowhere.

{¶ 6}  Lucile presented the expert testimony of Henry Lipian, who is board certified in accident reconstruction.  Lipian conducted a series of three visibility experiments to test the visibility of Roland in the roadway under conditions similar to those on the night of the accident.  Based upon the location of final rest of Roland's body, Lipian believed that, pre-collision, he was somewhere near the north fog line to two or three feet into the roadway.  Lipian opined that the collision was a result of Rapacz failing to maintain an assured clear distance ahead and that he believed the collision was avoidable if Rapacz had been paying attention.

{¶ 7}  On cross-examination, however, Lipian acknowledged that he did not know where Roland was positioned prior to impact.

{¶ 8}  North Olmsted police officer, Eric Morgan, who responded to the accident and was the lead evidence technician involved in the case, testified that it was his impression that Roland walked into the right side of the car.  He also testified that he did not recall any damage directly in the front part of the vehicle.

{¶ 9} Roland sustained serious injuries from the accident, rendering him unconscious and requiring him to be placed on life support. On December 15, 2007, after life support was removed, Roland passed away.

{¶ 10} At the close of the evidence, the trial court granted defendants' renewed motion for directed verdict. Lucile subsequently moved for a new trial or judgment notwithstanding the verdict, which the trial court denied. She now appeals, raising the following two assignments of error:

{¶ 11} "[I.] The trial court erred in granting a directed verdict in favor of Appellees Mateusz Rapacz and Nationwide Insurance Company.

{¶ 12} "[II.] The trial court erred in denying F. Lucile Meyer's Motion for Judgment Notwithstanding the Verdict and Motion for a New Trial."

Standard of Review

{¶ 13} Civ.R. 50 sets forth the standard of granting a motion for directed verdict:

{¶ 14} "When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to each party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

{¶ 15} The same standard applies to a motion for judgment notwithstanding the verdict. *Chem. Bank of N.Y. v. Neman* (1990), 52 Ohio St.3d 204, 207, 556 N.E.2d 490. We employ a de novo standard of review in evaluating the grant or denial of a motion for a directed verdict or a motion for judgment notwithstanding the verdict. *Grau v. Kleinschmidt* (1987), 31 Ohio St.3d 84, 90, 509 N.E.2d 399. "The trial court does not weigh or consider the credibility of the witnesses, but rather, reviews and considers the sufficiency of the evidence as a matter of law." *Siebert v. Lalich*, 8th Dist. No. 87272, 2006-Ohio-6274, ¶14 (citing a string of cases).

{¶ 16} With these foregoing principles in mind, we turn to Lucile's stated assignments of error.

## Negligence Action

{¶ 17} In her first assignment of error, Lucile argues that the trial court erred in granting a directed verdict on her negligence claim. The essential elements of any negligence action are a duty of care, a breach of that duty, and an injury directly and proximately resulting therefrom. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 1998-Ohio-602, 693 N.E.2d 271.

{¶ 18} Lucile argues that issues of fact exist as to whether Rapacz breached his duty of care, thereby precluding the granting of a directed verdict. Relying on R.C. 4511.48(E), which requires that all drivers exercise reasonable care to "avoid colliding with any

pedestrian upon any roadway," Lucile argues that Rapacz had a duty to observe Roland and to avoid colliding with him with his vehicle. She further argues that Rapacz failed to maintain an assured clear distance as required under R.C. 4511.21(A). We find her arguments unpersuasive.

{¶ 19} Generally, a motor vehicle has the right to proceed uninterruptedly in a lawful manner in the direction in which it is traveling in preference to any vehicle or pedestrian approaching from a different direction into its path. R.C. 4511.01(UU)(1). "A driver need not look for pedestrians or vehicles violating his right-of-way." *Snider v. Nieberding*, 12th Dist. No. CA2002-12-105, 2003-Ohio-5715, ¶9, citing *Deming v. Osinki* (1970), 24 Ohio St.2d 179, 180-81, 265 N.E.2d 554. But, under R.C. 4511.48(E), the operator of a motor vehicle must exercise due care to avoid colliding with a pedestrian in his right-of-way upon discovering a dangerous or perilous situation. *Snider* at ¶9.

{¶ 20} Lucile's arguments are premised on the unproven facts that Roland was standing in the roadway and that he was visible. No evidence was presented, however, as to Roland's position prior to impact or as to how long he was in such position. Indeed, aside from Rapacz's testimony that he never saw Roland, the only other eyewitness testified that he never saw Roland prior to impact. Similarly, Lucile's expert, Lipian, admitted that he did not know where Roland was positioned prior to impact. Further, even assuming that there was circumstantial evidence to infer that Roland was standing in the roadway, there was no

evidence as to how long Roland was there. Again, according to Thompkins, the only eyewitness to the accident, Roland seemed to come out of nowhere.

{¶ 21} Likewise, in order for the issue of whether Rapacz violated the assured clear distance statute, R.C. 4511.21(A), to be submitted to the jury, Lucile was required to present evidence of the following: (1) Roland was ahead of Rapacz and in his path of travel, (2) Roland was stationary or moving in the same direction as Rapacz, (3) Roland did not suddenly appear in Rapacz's path, and (4) Roland was reasonably discernible. See *Junge v. Bros.* (1985), 16 Ohio St.3d 1, 475 N.E.2d 477. As discussed above, Lucile failed to present evidence to satisfy each and every one of these elements. Notably, the evidence, or lack of, negated all the elements to warrant any finding that Rapacz violated the statute.

{¶ 22} The undisputed evidence is that Rapacz was proceeding lawfully in his lane when he struck Roland. To the extent that Lucile now argues on appeal that there is an issue of fact that Rapacz was speeding, we find that the evidence is insufficient to support her claim. The speed limit on the roadway was 35 miles per hour. Thompkins testified that he was traveling approximately 35 to 40 miles per hour and that Rapacz was keeping pace with him. We find no evidence to suggest that Rapacz was speeding.

{¶ 23} The evidence is further undisputed that the area where Roland was struck was not a marked crosswalk. Under R.C. 4511.48(A), pedestrians crossing a road at any point other than within a marked crosswalk must yield to vehicles. Thus, despite an operator of a

vehicle's duty to exercise due care to avoid colliding with a pedestrian, a driver need not look for vehicles or pedestrians violating his right of way. *Lumaye v. Johnson* (1992), 80 Ohio App.3d 141, 608 N.E.2d 1108. A driver has no duty to look for danger unless there is reason to expect it. *Hawkins v. Shell* (June 4, 1998), 8th Dist. No. 72788. We fail to see, based on the evidence produced at trial (or lack thereof), how a jury could conclude that Rapacz should have foreseen a perilous situation requiring him to exercise greater care to stop on the roadway or take other action.

{¶ 24} Finally, we note that the mere fact that Rapacz's vehicle struck Roland does not establish that he was negligent. See *Snider* at ¶12. Negligence is never presumed, it must be proven. *Biery v. Pennsylvania RR. Co.* (1951), 156 Ohio St. 75, 99 N.E.2d 895, paragraph two of the syllabus. "In an action based on negligence, the presumption exists that each party was in the exercise of ordinary care and such presumption prevails until rebutted by evidence to the contrary." Id. We find that the trial court properly granted a directed verdict because Lucile failed to sustain her burden of proof and present evidence of any breach of a duty.

{¶ 25} The first assignment of error is overruled. Having overruled the first assignment of error, we likewise overrule the second assignment of error wherein Lucile merely incorporates the same arguments raised above.

Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR