McFarland, J.
{¶ 1} Charles L. Cordell appeals the August 16, 2017 judgment entry of the Gallia County Court of Common Pleas, which found that Appellant failed to show by a preponderance of the evidence that Appellee Anthony S. White was negligent in a motor vehicle/pedestrian accident in which Appellant sustained personal injuries. Having fully reviewed the record, we find the trial court's judgment is supported by some competent and credible evidence. Therefore, we find no merit to Appellant's sole assignment of error. As such, we overrule the sole assignment of error and affirm the judgment of the trial court.
FACTS
{¶ 2} This lawsuit arises from an incident occurring on October 7, 2015 on County Road 43 in Gallia County.[1] On that date, Appellant was performing landscaping work in a grassy area bordering County Road 43. At the same time and place, around 10:15 a.m., Appellee was operating his motor vehicle on the roadway on his way to work. Appellee's vehicle struck Appellant, resulting in extreme personal injuries.
{¶ 3} On July 18, 2016, Appellant filed a complaint alleging personal injuries, pain and suffering, mental anguish, lost wages, loss of enjoyment of life, and medical expenses of over $80,000.00. Appellee filed a timely answer, acknowledging the incident but denying negligence in the matter. Appellee demanded a jury trial.
{¶ 4} The parties engaged in discovery and proceeded towards a jury trial date. However, the parties later stipulated that *3 they would try only the issue of liability in a bench trial, and that the trial court would determine the percentage of fault to be attributed to each party. The bench trial took place on July 20, 2017. Both parties testified. In addition, Appellant presented testimony from Danny Kipp and Harvey Brown. Kipp and Brown were also performing landscaping duties on the accident date.
{¶ 5} In lieu of opening statements and closing arguments, the parties submitted post-trial briefs. On August 16, 2017, the trial court journalized its decision, finding that Appellant had failed in his burden of proof to show by a preponderance of the evidence that Appellee was negligent under the circumstances. Having found that Appellant failed to carry his burden of production, the trial court therefore determined it was not necessary to determine if Appellant was also negligent.
{¶ 6} This timely appeal followed. Additional testimonial facts are set forth below where relevant.
ASSIGNMENTS OF ERROR
"I. THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
STANDARD OF REVIEW
{¶ 7} "We will not reverse a trial court's judgment as against the manifest weight 'if it is supported by some competent, credible evidence.' " Wray v. Gahm Properties, Ltd., 4th Dist. Scioto No. 16CA3775, 2018-Ohio-50, 2018 WL 324066, at ¶ 7. See Hardert v. Neumann, 4th Dist. Adams No. 13CA977, 2014-Ohio-1770, 2014 WL 1691649, ¶ 18, quoting Nolen v. Rase , 4th Dist. Scioto No. 13CA3536, 2013-Ohio-5680, 2013 WL 6835068, ¶ 9, citing Eastley v. Volkman, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 14. When we review whether a trial court's decision is against the manifest weight of the evidence, we weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that we must reverse the judgment. Martin v. Jones, 2015-Ohio-3168, 41 N.E.3d 123, ¶ 68 (4th Dist.). We will reverse a judgment as being against the manifest weight of the evidence only in the exceptional case where the evidence weighs heavily against the judgment. Pinkerton v. Salyers, 4th Dist. Ross No. 13CA3388, 2015-Ohio-377, 2015 WL 459267, ¶ 18.
LEGAL ANALYSIS
{¶ 8} Appellant seeks reversal of the trial court's judgment finding that Appellee was not negligent and that he was in the roadway at the time of the accident as against the manifest weight of the evidence. Appellant asserts that the trial court failed to consider corroborative circumstantial evidence he presented via his witnesses' testimony. By contrast, Appellee responds that the trial court's judgment is supported by competent and credible evidence and that the judgment should be affirmed.
{¶ 9} "It is fundamental that in order to establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom." Halloran v. Barnard, 4th Dist. Lawrence No. 16CA9, 2017-Ohio-1069, 2017 WL 1103573, at ¶ 22, quoting Armstrong v. Best Buy Co., 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 8, quoting Menifee v. Ohio Welding Prod., Inc. , 15 Ohio St.3d 75, 77, 15 OBR 179, 472 N.E.2d 707 (1984). "Liability in negligence is dependent upon the existence of a proximate *4 cause relationship between breach of duty and injury suffered." Hester v. Dwivedi, 89 Ohio St.3d 575, 583, 733 N.E.2d 1161 (2000). "Causation requires a factual nexus between the breach and injury (i.e., actual cause) and a significant degree of connectedness that justifies imposing liability (i.e., proximate cause)." Schirmer v. Mt. Auburn Obstetrics & Gynecologic Assoc., Inc. , 108 Ohio St.3d 494, 2006-Ohio-942, 844 N.E.2d 1160, ¶ 40, citing Hester, 89 Ohio St.3d at 581, 733 N.E.2d 1161. "The law of negligence does not hold a defendant liable for damages that the defendant did not cause." Hester, 89 Ohio St.3d at 583, 733 N.E.2d 1161. Consequently, a proximate relation between a plaintiff's injury and a defendant's negligence is an essential component of a negligence action.
{¶ 10} Ordinary care is that degree of care which persons of ordinary care and prudence are accustomed to observe under the same or similar circumstances, and the degree of care required of a motorist is always controlled by and depends upon the "* * * place, circumstances, conditions, and surroundings." Joyce v. Rough , 6th Dist. Lucas No. L-10-1368, 2011-Ohio-3713, 2011 WL 3242240, at ¶ 16, quoting Foulke v. Beogher , 166 Ohio App.3d 435, 2006-Ohio-1411, 850 N.E.2d 1269, (3rd Dist.) at ¶ 9. (Citations omitted.) Accord Mussivand v. David, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). In the case at bar, the trial court's decision cited the applicable Ohio traffic laws. R.C. 4511.01 (UU)"Right-of-way" provides in pertinent part:
"(1) The right of a vehicle, streetcar, trackless trolley, or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or the individual is moving in preference to another vehicle, streetcar, trackless trolley, or pedestrian approaching from a different direction into its or the individual's path. * * *."
R.C. 4511.48, right-of-way yielded by pedestrian, provides:
"(A) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles, trackless trolleys, or streetcars upon the roadway."
{¶ 11} The trial court also cited section R.C. 4511.48 (E) which states: "This section does not relieve the operator of a vehicle, streetcar, or trackless trolley from exercising due care to avoid colliding with any pedestrian upon any roadway." R.C. 4511.46 (B), right-of-way of pedestrian within crosswalk, further provides: "No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle, trackless trolley, or streetcar which is so close as to constitute an immediate hazard."
{¶ 12} The trial court here observed, as did the appellate court in Wallace v. Hipp, 6th Dist. Lucas No. L-11-1052, 2012-Ohio-623, 2012 WL 525530, at ¶ 13 :
" R.C. 4511.48(A) and (E) have been reconciled into the rule that a driver need not look for pedestrians or vehicles violating his right of way. See Deming v. [Osinski ], 24 Ohio St.2d 179, 180-81, 265 N.E.2d 554 (1970) (rejecting notion that drivers in the right of way must "look, look effectively and continue to look and remain alert"). Rather, the operator of a motor vehicle must exercise due care to avoid colliding with a pedestrian in his right of way only upon discovering a dangerous or perilous situation. Id. ; Hawkins v. Shell, 8th Dist. No. 72788, 1998 WL 289385 (June 4, 1998) ; Markley v. Knutson, 3d Dist. No. 9-96-29, 1996 WL 546875 (Sept. 26, 1996). Moreover, a driver has no duty to look for danger *5 unless there is reason to expect it. Hawkins, supra. Therefore, despite a vehicle operator's duty to exercise due care to avoid colliding with a pedestrian, a driver need not keep a lookout for vehicles or pedestrians violating his right of way. Lumaye v. Johnson, 80 Ohio App.3d 141, 608 N.E.2d 1108 (10th Dist.1992)."
{¶ 13} The trial court here also observed the language of Joyce v. Rough, supra, wherein the appellate court stated:
"The operator of a vehicle does not have a duty to look for pedestrians violating his right of way unless he has reason to expect danger." Id., citing R.C. 4511.01(TT) and (UU)(1), and 4511.48(A) ; Deming v. [Osinski ], 24 Ohio St.2d 179, 180-181, 265 N.E.2d 554 (1970) ; Wall v. Sprague, 12th Dist. No. CA2007-05-065, 2008-Ohio-3384 [2008 WL 2635528], ¶ 12 ; Snider v. Nieberding , 12th Dist. No. CA2002-12-105, 2003-Ohio-5715 [2003 WL 22427808], ¶ 9 ; Dixon v. Nowakowski, 6th Dist. No. L-98-1372, 1999 WL 652001 (Aug. 27, 1999) ; Hawkins v. Shell, supra. Furthermore, pedestrians are "prohibited by law from leaving the curb or place of safety and entering the right of way of a motor vehicle." Joyce, supra , citing R.C. 4511.46(B). "However, once a driver discovers a dangerous situation caused by a pedestrian in his right of way, the driver must exercise due care to avoid injuring the pedestrian." Joyce, supra, citing R.C. 4511.48(E) ; Meyer v. Rapacz, 8th Dist. No. 95571, 2011-Ohio-2537 [2011 WL 2112724], ¶ 19, citing Deming v. Osinki, supra. Accord Morris v. Bloomgren , 127 Ohio St. 147, 187 N.E. 2 (1933), paragraph five of the syllabus."
{¶ 14} The degree of care constituting ordinary care may also depend upon the type of pedestrian the driver can expect to be in the vicinity. Franks v. Venturella (June 28, 2000), 3rd Dist. No. 1-2000-06, 2000 WL 924807, at ¶ 4, quoting Rayoum v. Adams (July 24, 1998), 6th Dist. No. L-97-1370, 1998 WL 421589 (a heightened duty of care is owed where young children are expected to be present). Accord Sargent v. United Transp. Co. , 56 Ohio App.2d 159, 162-163, 381 N.E.2d 1331 (1978). The above principles have been applied consistently in the case law analyzing the respective duties of drivers and pedestrians under the Ohio statutes.
{¶ 15} In Meyer v. Rapacz, 8th Dist. Cuyahoga No. 95571, 2011-Ohio-2537, 2011 WL 2112724, an elderly pedestrian suffering from Alzheimer's disease wandered out of his house and was struck by Rapacz's vehicle, sustaining serious injuries and dying a week later after he was removed from life support. Meyer's widow filed suit and at trial asserted that Rapacz failed to maintain an assured-clear distance and failed to avoid hitting Mr. Meyer, who was a visible object to other drivers who successfully avoided him.
{¶ 16} On appeal, Mrs. Meyer argued that the trial court erred in granting a directed verdict on her negligence claim. Relying on R.C. 4511.48(E), Mrs. Meyer argued that Rapacz had a duty to observe Mr. Meyer and to avoid colliding with him with his vehicle. She further argued that Rapacz failed to maintain an assured clear distance as required under R.C. 4511.21(A). The appellate court was not persuaded by her arguments. The court held at ¶ 20:
"Notably, the evidence, or lack of, negated all the elements to warrant any finding that Rapacz violated the assured clear distance statute.
* * *
The undisputed evidence is that Rapacz was proceeding lawfully in his lane when he struck [Meyer]. * * * We find no evidence to suggest that Rapacz was speeding. The evidence is further undisputed *6 that the area where Roland was struck was not a marked crosswalk. Under R.C. 4511 .48(A), pedestrians crossing a road at any point other than within a marked crosswalk must yield to vehicles. Thus, despite an operator of a vehicle's duty to exercise due care to avoid colliding with a pedestrian, a driver need not look for vehicles or pedestrians violating his right of way. Lumaye v. Johnson (citation omitted.) A driver has no duty to look for danger unless there is reason to expect it. Hawkins v. Shell (citation omitted.) We fail to see, based on the evidence produced at trial (or lack thereof), how a jury could conclude that Rapacz should have foreseen a perilous situation requiring him to exercise greater care to stop on the roadway or take other action. * * * * * * We find that the trial court properly granted a directed verdict because Lucile failed to sustain her burden of proof and present evidence of any breach of a duty." Id. at 24.
{¶ 17} In Owens v. Renacs, 2nd Dist. Montgomery No. 20231, 2004-Ohio-4052, 2004 WL 1730111, the trial court granted a directed verdict for Renacs, the driver, finding no evidence of his negligence, when thirteen-year-old Owens, playing on the street between two parked cars, was struck by Renacs. The evidence demonstrated Owens had taken 2 steps backward into the street and into Renacs' right-of-way. The appellate court affirmed, noting that the thirteen-year old was not within a cross-walk and Renacs' vehicle was within his right-of-way. The court observed at ¶ 16: "Plaintiffs offered no evidence that Renacs operated his vehicle in violation of any law or ordinance * * * no substantial, competent evidence showed that Renacs then failed to exercise due care."
{¶ 18} In Mull v. Madkins, 8th Dist. Cuyahoga No. 94554, 2010-Ohio-6360, 2010 WL 5486843, the jury returned a defense verdict where the plaintiff sued in negligence after an accident in which the plaintiff crossed an intersection against the traffic light. In affirming the trial court's judgment, the appellate court noted that the jury obviously believed Madkins' testimony, finding that she was not on her cell phone and that she exercised due care in proceeding forward at a green light. "Neither the phone records nor the eyewitness testimony conclusively established that Madkins was on the phone at the exact moment of the accident." Id. at 16.
{¶ 19} In Paulino v. McCary, 10th Dist. Franklin No. 04AP1186, 2005 -Ohio- 5920, 2005 WL 2981298, McCary struck plaintiff's decedent, Lewis, a pedestrian, attempting to cross Morse Road near an intersection. In appeal of a summary judgment decision, the plaintiff pointed out that other drivers were able to avoid Lewis. The appellate court observed at ¶ 16 that:
"* * * Lewis was crossing Morse Road outside of the crosswalk and against the traffic light. * * * No evidence was presented that appellee did not exercise due care once the perilous situation, [Lewis] crossing the street, was discovered. All the admissible evidence provides that appellee was not at fault. Appellant has not met his reciprocal burden on summary judgment to demonstrate a material issue of fact that appellee was negligent."
{¶ 20} Here, there was competent credible evidence supporting the trial court's findings. Based upon our review, we cannot say the trial court erred in concluding that Appellant failed to carry the burden of proof to show by a preponderance of the evidence that Appellee was negligent. Appellee, an experienced driver, testified he was on his way to work on the day of the accident. He was familiar with *7 the route and not in a hurry. Appellee denied drinking alcohol or taking any prescription drugs on the accident date. He also denied talking or texting at the time of the accident.
{¶ 21} Appellee testified he had operated his vehicle on Hemlock Road, come to a complete stop, and then turned onto Green Valley Road. The road was a straight stretch until the area where the accident took place. As he approached the area where the accident occurred, he was driving approximately 30 miles an hour. Appellee could see Appellant and another worker, Harvey Brown, 20-30 yards in the distance to the right. There were no obstructions and no oncoming traffic.
{¶ 22} Appellee testified Appellant was approximately two-to-four feet off the right side of the roadway, in a grassy area, operating a weed-eater, as he approached. Appellee glanced over at the workers and waved. Within a few seconds, there was an impact and Appellee realized he had struck Appellant.
{¶ 23} Appellee saw nothing to indicate danger. No one was standing in the roadway as he approached. He did not move over to the left or swerve into the other lane because he had no reason to expect anyone would violate his right of way and he saw no other immediate reason.
{¶ 24} Appellee denied taking his eyes off the road and losing sight of the men. He was in his lane of travel and never deviated from it. Appellee's testimony, and the fact that Appellee was not cited for his actions by the investigating authority, supports the conclusion that Appellee was operating his vehicle lawfully and with due care. His testimony further supports the conclusion that he had no reason to expect anyone would violate his right of way as he approached the area where the landscaping crew was working.
{¶ 25} Appellant testified he was working for Harvey Brown, landscaping on Green Valley Drive that day. He and another worker, Danny Kipp, were weed-eating in a ditch area that ran parallel to the roadway. Appellant and Kipp were on opposites sides, working to the middle of the ditch. Appellant testified he was standing alongside the edge of the roadway, on grass, and reaching down to the ditch.
{¶ 26} Appellant also testified he did not see Appellee's car. He had just turned over his shoulder to look for Kipp when the accident occurred. The weed-eater prevented him from hearing a car on the road. Appellant denied backing onto the roadway.
{¶ 27} Danny Kipp corroborated much of Appellant's and Appellee's testimony. He recalled there was no other traffic. Kipp estimated Appellant's feet were approximately two feet into the grass. Even if he had stepped "one step back," he would not have been on the roadway. Kipp testified that Appellee waved to acknowledge them, that he was not even sure it was a "wave," and that Appellee could have been checking texts. Shortly afterwards, the accident happened.
{¶ 28} Brown testified Appellant and Danny Kipp worked for him in his lawn care business. He was riding a lawn mower while the others were weed-eating. Brown testified he last saw Appellant standing on the grass weed-eating down into the ditch. At the time of the accident, Brown had his back turned completely away from the others. Brown never saw Appellant stepping into the road as he worked that day. He did not see the actual impact, but turned around to see Appellant "flying through the air." He also did not see where Appellee's car was at the moment of the impact. Brown also testified he never saw Appellee swerve off the road.
*8 {¶ 29} The trial court's decision, with which we agree, included the following pertinent findings:
"In this case it is undisputed that the vehicle driven by White was in the right of way. * * * Cordell has offered no evidence that White operated his vehicle in violation of any law. It is undisputed that White was operating his vehicle within the legal speed limit at the time of the accident. The record is devoid of any traffic citations issued to White. * * * There was no reason for White to expect * * * that Cordell would go into the road. It is reasonable to determine that Cordell was in the roadway when he was struck there since there is absolutely no evidence that White was not in his lane of travel. * * * Here by all accounts, this situation arose in a matter of just a few seconds if not immediately. * * * There was no reaction time to allow White to take any evasive action. * * * Here, White had no time to discover Cordell within his right of way. In fact, he only knew that Cordell must have been in his right of way when the impact occurred. He had no time to react."
{¶ 30} Appellee argues the trial court disregarded corroborative circumstantial evidence from his witnesses but the trial transcript does not support this contention. Appellant cites testimony from Kipp that Appellee may have been texting, but he was not 100% certain Appellee was texting. Kipp testified on cross-examination it was "fair to say" he had no idea what Appellee was doing as he drove. Given that Appellee denied phone use, Kipp's testimony was less than certain, and again, Appellee was not cited, we do not find Kipp's testimony to be of significance.
{¶ 31} What Appellant characterizes as corroborative circumstantial evidence we view more in the nature of an improper inference. Regarding the extent to which inferences may be made, this court in Estate of Holley v. Am. Fam. Life Assur. Of Columbus, 4th Dist. Pickaway No. 04CA5, 2005-Ohio-2281, 2005 WL 1097799, at ¶ 30, quoted Hurt v. Charles J. Rogers Transp. Co., 164 Ohio St. 329, 130 N.E.2d 820 (1955), as follows:
"It is of course basic that an inference cannot be predicated upon a fact the existence of which rests on another inference. For example, * * * if a pedestrian was observed walking along a road and he was found unconscious and injured at the side of the road immediately after the passing of an automobile, it may logically be inferred that such automobile struck him, but it cannot be inferred further that the driver of the car was negligent."
{¶ 32} As many of the cases cited infra have noted, "[T]he fact that a vehicle hits an individual on a roadway does not establish negligence. Dixon v. Nowakowski , 6th Dist. Lucas No. L-98-1372, 1999 WL 652001, (Aug. 27, 1999). Negligence is never presumed, it must be proven. Biery v. Pennsylvania RR. Co. (1951), 156 Ohio St. 75, 99 N.E.2d 895, paragraph two of the syllabus. 'In an action based on negligence, the presumption exists that each party was in the exercise of ordinary care and such presumption prevails until rebutted by evidence to the contrary.' Id. " Snider v. Nieberding, 12th Dist. Clermont No. CA2002-12-105, 2003-Ohio-5715, 2003 WL 22427808, at ¶ 12. No one saw the impact and Appellant does not really recall it. Significantly, no one testified Appellant was negligent in any manner.
{¶ 33} Here, we agree with the trial court's finding that Appellant failed in his burden of proof to show by a preponderance of the evidence that Appellee was negligent under the circumstances. For the *9 foregoing reasons, we find competent credible evidence supports the trial court's judgment in this matter. We find no merit to Appellant's sole assignment of error and as such, it is hereby overruled.
JUDGMENT AFFIRMED.
Hoover, P.J. & Harsha, J.: Concur in Judgment Only.

The OSHP crash report indicates the accident occurred on C.R. 43. The parties have not disputed that the accident occurred on C.R. 43. However, throughout the depositions and at the bench trial, the parties repeatedly reference C.R. 43 as "Green Valley Road" or "Green Valley Drive."